[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY VISITATION, CODED 182
Many of the facts that give rise to this motion are not in dispute. The marriage between the parties was dissolved on December 28, 1995 by this court. The custody and visitation order that was entered following a fully contested hearing was as follows:
1. Custody of the minor child is awarded to the plaintiff.
2. The defendant shall have visitation every Saturday from 11 a.m. to 3 p. m. He shall also have visitation from 11 a.m. to 3 p. m. on the following holidays: (a) Christmas Day; (b) Father's Day; (c) father's birthday; (d) July 4th; (e) Labor Day; (f) CT Page 14870 Memorial Day; (g) Thanksgiving Day. The minor child, Colby Collier, was born on December 5, 1993. On the date of dissolution, he was two years and approximately three weeks old.
The threshold question is whether there has been a material change of circumstances from the date of dissolution to the present time. The court finds that there has been such a material change of circumstances due to the fact that the minor child is now almost six years old.
In determining whether to modify visitation, the court is bound to consider what is in the best interest of the minor child. The court finds that it is in the best interest of the minor child to modify visitation and therefore enters the following orders:
 ORDERS
1. The defendant shall have visitation with the minor child every other weekend from Saturday 11 a.m. to Sunday at 5 p. m. commencing November 27, 1999.
2. The defendant shall have visitation with the minor child every Wednesday from 4:30 p. m. to 7 p. m.
3. The defendant is to give the plaintiff at least twenty-four hours advance notice of cancellation of any visitation unless it is an emergency.
4. During the time the minor child is in a motor vehicle, the child is to be placed in a car seat when required for a child of his weight. Further, at all times when in a motor vehicle, the child is to have seat belts properly attached to him. The child is never to be allowed to ride in the rear of the defendant's pickup truck. He is always to be placed in the rear seat of any motor vehicle that he is riding in.
5. The child is not to be left alone in a vehicle for any period of time without an adult being present.
6. The defendant is not to have any guns at his residence when the child is visiting there. In the event he has any guns at his office when the child is visiting at the defendant's office, the guns are to be placed in a locked cabinet at all times. CT Page 14871
7. On the alternating Saturday that the defendant does not have visitation, he may have reasonable telephone access to the child between Saturday 9 a.m. and 10 a.m.
8. The defendant shall have two non-consecutive weeks of visitation, one during the winter vacation other than the Christmas vacation, and one during the summer vacation. The defendant is to inform the plaintiff in writing by registered mail return receipt or certified mail return receipt, at least thirty days prior to each visitation week that he elects. The defendant is to provide the plaintiff with the address and telephone number of where the child can be reached during such one week visitation. The one week vacation is to start on a Saturday at 9 a.m. and is to end on a Sunday at 5 p. m.
9. The defendant is to transport the minor child to and from visitation except in the case of emergency.
10. The defendant has a right to all of the academic, medical, hospital or other health records of the minor child.
11. The defendant is to provide the plaintiff at all times with his current residence address and his cell phone number.
12. The holiday visitation originally entered is modified to read as follows:
 A. The plaintiff is to have the child with her at all times on Christmas Day, and the defendant is to have the child with him at all times on Christmas Eve from 2 p. m. to 8 p. m.
 B. The plaintiff is to have the child with her on each Memorial Day.
 C. The defendant is to have the child with him on each Father's Day as well as on his birthday and July 4th and Labor Day. The parties are to alternate Thanksgiving Day with the plaintiff having the child on Thanksgiving Day 1999.
 D. The child is to be with the plaintiff for one week during the Christmas vacation and one week during the summer vacation. She is to give to the defendant at least thirty days by registered mail return receipt or certified mail return receipt, of such one week vacation period.
CT Page 14872
 E. During the one week vacation period that the child is with the plaintiff, the defendant will not have any visitation with the child.
 F. The holiday vacation schedule takes priority over the normal weekend visitation schedule.
 G. The time that the child is to be with the defendant during the holiday visitation schedule is changed to be from 10 a.m. to 7 p. m.
Axelrod, J.